UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MICHAEL CABELL,

Plaintiff

v.

CLARK COUNTY DETENTION CENTER et al.,

Defendants

Case No. 2:18-cv-00108-JCM-GWF

ORDER

This action is a *pro se* civil rights complaint filed under 42 U.S.C. § 1983 by a former county inmate. On October 24, 2018, this court issued an order directing plaintiff to file his updated address with this court within thirty (30) days. (ECF No. 3). The thirty-day period has now expired, and plaintiff has not filed his updated address or otherwise responded to the court's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to

manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The court's order requiring plaintiff to file his updated address with the court within thirty (30) days expressly stated: "IT IS FURTHER ORDERED that, if [p]laintiff fails to timely comply with this order, the [c]ourt shall dismiss this case without prejudice." (ECF No. 3 at 2). Thus, plaintiff had adequate warning that dismissal would result from his noncompliance with the court's order to file his updated address within thirty (30) days.

It is therefore ordered that this action is dismissed without prejudice based on plaintiff's failure to file an updated address in compliance with this court's October 24, 2018, order.

It is further ordered that the application to proceed *in forma pauperis* (ECF No. 1) is denied as moot.

///

///

///

///

///

2

It is further ordered that the clerk of court will close the case and enter judgment accordingly.

DATED December 7, 2018.

_____
UNITED STATES DISTRICT JUDGE